The Honorable Bob Fairchild Representative, District 15 One McIlroy Plaza Fayetteville, AR 72701
Dear Representative Fairchild:
This Office acknowledges receipt of your request for an opinion concerning that portion of 12(A) of Act 348 of 1985 which states . . . provided that nothing in this Act shall be construed as to reduce any rights which any employee of the Department of Human Services shall have under any civil service or merit system, and the interpretation of same regarding the following specific questions:
 1. Does this section apply only to those employees of DHS whose positions are covered by the Merit System Council?
 a. What rights does an employee have under the Merit System Council?
 b. Is it a violation of Merit System regulations to require an employee to re-apply for a position which the employee has satisfactorily occupied for several years?
 2. If the answer to question no. 1 is affirmative, do those employees whose positions are not covered by the Merit System Council have any rights during the reorganization of Human Services?
 a. Specifically, if an employee's position is abolished through the reorganization process, does the employee have any rights to continued employment with State government and/or with the Department of Human Services?
 b. If the employee's position is transferred to another part of the State and the employee cannot relocate, does the employee have any rights to continued employment with State government and/or with the Department of Human Services?
 c. If two occupied positions are consolidated into one position, do the incumbents have any rights to the new position?
It is our opinion that 12(A) of Act 348 of 1985 (compiled at Ark. Stat. Ann. 5-912i (1985 Cum. Supp.)) provides protection only to those employees of the Department of Human Services who hold Merit System positions. As you know, many of the divisions of the Department of Human Services have not been part of the Merit System. Since July 1, 1986, all divisions of the Department of Human Services are covered by the Merit System. As a practical matter, all Department of Human Services employees, except high ranking administrators, will benefit from this statutory protection.
The rights of Merit System employees are established by Merit System rules which are available from the Office of Merit System. (A copy is included for your use.) There are many such rights, but the most important are: (1) the right to compete for positions based only on job related factors utilizing selection procedures which are developed in accordance with strict guidelines concerning validity, reliability, and administration; (2) the right to be considered for promotion and retention based upon non-political, job related factors; and (3) the right to be given a fair and immediate review prior to being the subject of a reduction in force. Of course, there are other rights or privileges which are unique to Merit System covered employees such as the option to possibly transfer to other Merit System covered agencies or other merit systems both within and outside the State of Arkansas.
Arkansas is an "at-will" state. Except for those employees who have a contract establishing a fixed term of employment, employees of State government are at will. This means they do not have a right to a position. The State does not guarantee a job to each of its employees. If a position must be closed for financial or service restructuring needs there is no right enjoyed by the employee which requires the State to create a new job for him.
If the employee's position is transferred to another part of the State, the employee will normally be offered the opportunity to hold that position in its new geographical base. If he elects not to move, the State is not required to create a new job for him in his present location.
In answer to your last question non-merit system employees, who are employed at will, have no legal right to a new position which is created by the consolidation of their former position with other positions.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Arnold M. Jochums.